RECEIVED
MAY 2 0 2008
E-filing MHP
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
MAY 14 2008
FILED
DOCKETED

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name BIVINS JOSEPH
(Last) (First) (Initial)

Prisoner Number B63111

Institutional Address FOLSOM STATE PRISON 300 Prison Road, Folsom,California 95763)(P.O. BOX 950)(Folsom,Ca.,

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH BIVINS
(Enter the full name of plaintiff in this action.)

vs.

CONTRA CONSTA CITY,GARY T. YANCY
DAVID KANIST,DOUGLAS MAPLES
DONNEL BARRY,W. O'MALLEY,P.HOLES
DORTHY NORTHY,J.BRADLEY
(Enter the full name of the defendant(s) in this action)

CV 08 2570 MHP
Case No. ____
(To be provided by the clerk of court)

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983 (PR)

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I. Exhaustion of Administrative Remedies

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement FOLSOM STATE PRISON

B. Is there a grievance procedure in this institution?

YES (X) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES(X) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the appeal at

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal SEE ATTACHMENT

2. First formal level SEE ATTACHMENT

3. Second formal level SEE ATTACHMENT

4. Third formal level SEE ATTACHMENT

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (X) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. N/A

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

Joseph Bivins P.O.Box 950)(Folsom,Ca., 95763

(see page 1)

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

See attachment -pages 4-5

III. Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

see attachment pages 6 through 24

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

see attachment pages 24 through 39

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 14 day of May, 2008

(Plaintiff's signature) Joseph Bivins

JOSEPH BIVINS B-63111
FOLSOM STATE PRISON
P.O. BOX 950, B3/ A1-29L
FOLSOM, CA 95763

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSEPH BIVINS ,<br>Plaintiff,<br><br>vs.<br>CONTRA COSTA CITY,<br>Gary T. Yance-DA)(David Kanist<br>Douglas Maples,Martinez,<br>Dr. W. Thompson, Donnel Barry,<br>Williaims O"Malley, P.Holes,<br>Dorthy Northy,Jeff Bradley<br>Defendants. | ) | CASE NO. ____________<br>42 U.S.C.§ 1983<br>CIVIL RIGHT VIOLATION<br>COMPLAINT FOR 14th<br>AMENDMENT DEPRIVATION<br>JURY TRIAL DEMANDED |

**COMPLAINT**

## I. JURISDICTION

1. This court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. section 1331 and 1343(a)(3). This court has exercise jurisdiction under 28 U.S.C. Section 1291, in conducting review of lower court's ruling on the legal questions of whether a plain error exist in the denial of short Tanderm Repeat and Mitoehondrial DNA Testing Methods,(2) whether these exist a past conviction right of access to evidence for DNA Testing,(3) Whether the states refusal to grant access to evidence for the causes and time of deaths, Testimony of Palm Saucer eye witness accounts, Kathryn Sims DNA blood found JOSEPH BIVINS Shoe,(4) Whether District Attorney Yancey Knowingly and intentionally committed a Brady violations,(5) Whether the states refusal to grant access to evidence violates JOSEPH BIVINS 14th constitutional Amendment right to due process as a mixed question of facts and laws

## II. VENUE

The District Court is an appropriate Venue under 28 U.S.C. section 1391(b)(2),because a substantial part of the events or omissions given rise to the claims occurred in this district.

**III. PARTIES**

Plaintiff JOSEPH BIVINS, is currently an inmate at the FOLSOM STATE PRISON 300 PRISON ROAD, FOLSOM, CALIFORNIA, 95763(prison)

He is in custody under the Department of Corrections and Rehabilitation facility Under the law of the State of California,

Defendant Contra Costa County(City of Martinez)et al is responsible for the due process, liberty interest, and liberty interest deprivation of right to a fundamental fair trial cited by the United States Constitutional 14th Amendment in having access to ,exculpatory evidences known as access to blood on gun cylinder, access to witness testimony in observing killers entering the Jones home location, access to Mitochondrial and Short Tandern Repeat-DNA blood testing found on shoes, access to corner determination of time of death

Defendant Contra Consta (City of Martinez)and principality/entity responsible for condition of confinement..

Defendant is also an enforcer of policy, security. Defendant is being sued in their individual capacity.

Defendant **Gary T Yancy** ,Deputy Attorney for Contra Costa County was acting as an represented at all time mention herein

Defendant **David Kannist** ,Police Officer was action as a representative at all times mention here in with defendants

Defendant **Don Berry** , Police Officer, was acting as a representative and contracted with defendant with his services

Defendant **Martinez County Jail-**entity/principality Management Jail house security and county control of arrestee's and was-contracted with defendants

Defendant **Dr. Wiiliams Thompson**-County Corner , Management and-contracted with defendant ,

Defendant **Donnel Berry**, Police Deputy ,-contracted with defendants

Defendant **Williams O'Malley**, head District Attorney for the County of Contra Costa at all times mentioned here in

Defendant **P.Holes**, Examiner, of for the Contra Consta County at all times mentioned here in.

Defendant **Dorthy Northy**, Examiner for Contra Costa County, at all time mentioned herein

All the defendants have acted under color of state/federal laws indifferently, knowingly, with malice and aforethought to deprive established right to evidence given confirmation to DNA evidence supporting actual innocent. Defendants continue to act under the color of the State federal law

**ONGOING SUBSTANTIAL RISK OF SERIOUS HARM**

The plaintiff continue to be denied right of access to evidence that is known to be creditable, reliable ,support actual innocent in not having committed a 34 years old criminal element in the taking of life

**EXHAUSTION**

Plaintiff has exhaustion all available judicial remedies regarding the matter described in this complaint. On April 25,(2008),he filed a writ of habeas corpus petition asking for right to evidences be taken under consideration and mandate under DNA examination, as require by Booth vs. Churner,(2001) 121 S. CT. 1819 damages and seek evidence hearing by seeking evidences under Osborne DJDAR April 3,2008, page 4670

**IV.**
**FACTUAL ALLEGATIONS/STATEMENT OF CASE**

1. I, JOSEPH BIVINS, am Being Denied State Funded DNA testing according to statutory law. cited by **Penal Code Section 1405** which Explicit express Mandatory Language protecting 14th **Amendment right to evidence in regards to DNA or evidence given support to actual innocent**.

2. **Penal Code Section 1405** States In Part:

3. The Court shall grant the Motion for DNA testing If it Determines **ALL** the following have been **Established**:

(1) The Evidence to be tested is available and in the Condition that would permit the DNA testing requested in the motion.

(2) The Evidence to be tested has been subject to a chain of custody sufficient to Establish it has not been **Substituted**, **Tampered With**, **Replaced** or **Altered** in any **Material** aspect.
(3) The identity of the perpetrator of the crime was, or should have been a Significant issue in the case.

4. The Lower Court **NEVER** made any of the above determinations in my case, nor was I, Joseph Bivins was not afforded any Due Process or Procedural Due Process according to **Penal .Code §. 1405 procedure.** My plight is **Only** to receive State Funded DNA testing in accordance with current laws as the **Legislation Intended** it to **Apply.**

5. The Lower Courts are Playing Semantics when they state that DNA testing was conducted.

6. The Discriminatory testing that was conducted never complied with any of the procedural safe guards set forth in Penal Code Sec 1405 to insure fair and accurate results.

7. I, Joseph Bivins was **NOT** charged with any crime for **43 days after arrest**, before the crimes against nature / rape allegation indictment element appeared.

8. The **Rape Kit** Procedures **WERE** performed and single samples / swabs were contained. **(1)** Swabs from **Different** Areas of my **Genitalia / Penis. (2) Pubic Hair,** (3) **Finger Nails,** (4) Blood Sample.

9. Single Samples were taken from the victims and Placed in Single Glass Vials. During trial Proceedings, it was Proven that **NO** Positive Evidence relating to **Hair, Body Fluid or Finger nails** was on the victims belonging to Joseph Bivins, however sample Swabs of his **Genitalia /**

**Penis** swabs are **MISSING** and where there was only **ONE** swab contained in a **SINGLE GLASS Vial.**

10. The re-testing revealed there are now **TWO** swabs in **ONE** vial with **NO** explanation of how it came about. Where **NO DNA** was Discovered in the First case by a **Single** sample taken from the victim. By the **MIXING** of Swabs.

11. **Now** produce **DNA** Treats of Joseph Bivins in regards to the mixing of two swabs contained in a single **NOW** plastic tube. The **EXACT** same sexual testing produce different results by Cross Contamination from 1974-75 DNA test.

12. In 1974-75, the **Single** swab found or placed in each vial only produce a **Single** Identity if the victim or Joseph Bivins and **NOT** my **DNA** on the swab of the victim as was Discovered in 2002.

13. The **ONLY** way this could have accrued is by **Cross Contamination** of the **Handlers** of the **DNA** samples, but **NOT** reported.

14. In the Public Defenders Proceedings for **DNA** Testing (The Courts **DID NOT** Participate) **ALL of the Courts Mandated Duties were Performed by the Public Defender**. I was **NOT** provided with the following:

(1) I ,JOSEPH BIVINS was **NOT** provided access to all **Material** for testing, (**Gun, Swabs** taken from my **Genitalia** and **Right Shoe Blood Swabs**;

(2) **NO** notification was Provided to me to the **Evidences** to be tested was **NOT Available** or in a **Condition** to that **Would Permit** the **DNA** testing requested in the **Evidentiary DNA** Hearing Motion;

(3) **NO** notification was Provided to Petitioner that the **Chain of Custody** had been **broken AND** that the **Courts** had **Failed** to **Establish** the **Evidence** had **NOT been Substituted**, **Tampered** with, **Replaced** or **Altered** in **Any Material Aspect**;

(4) I JOSEPH BIVINS was **NOT** permitted to **Summon Witnesses** or prove the Identification of the Blood found on his shoes belonging to **Mrs. K. Sims** as required;

(5) I, JOSEPH BIVINS was **NOT** permitted to **PRESENT** that the **DNA** Tested Evidence was **NOT** Complied too by the **Statutory Definition** for the purpose raising **None** reasonable probability. The Conviction is contrary to the illegal detainment standards that violates my **4th, 14th Amendment** Rights to the United States Constitutional Laws;

(6) JOSEPH BIVINS **Statutory** and **Constitutional Right** has been **Denied Equal Protection.** **Discrimination** by Denial of **Equal Application** to the **Definition of the Language** of the **Legislature Intention** in the **Laws Application**, **P.C. 1405.** A Lesser **Burden of Proof** Standard was Applied to My **DNA TEST**, Conviction and Sentence;

(7) I JOSEPH BIVINS was Denied Statutory and Constitutional Standards Performance by Discriminatory Testing that **WAS** Employed by method **NOT** general accepted within any relevant Scientific Community when cross Contaminated Evidence was **NEVER** Questioned prior to testing that was **Based Solely** on **Counsels Authority**;

(8) I, JOSEPH BIVINS was **Denied** an **Evidentiary Hearing** by **Judicial Performance**, when the Courts **Failed** to **Distinguish** what Material can Legally be Permitted to be **DNA** tested or **NOT DNA** tested because of **Cross Contamination**;

(9) I, JOSEPH BIVINS **NEVER CONSENTED nor gave PERMISSION**, or **AGREED** too any **Cross Contaminated Materials, or Testing Material not Identified by The Court** to be **DNA** tested, because trial Counsel or Appointed Counsel **NEVER** advised me of my **Rights** in order to permit him to assert his **Mutual Agreement** to the **Laboratory** accredited by the **American Society of Crime Laboratory Directors Laboratory Accreditation Board, (ASCLD/ LAB.) per (Prof. Conduct Sec 3.100 - 3.210**;

(10) **I, JOSEPH BIVINS was NEVER advised by Appointed Counsel to his Statutory and Constitutional Rights in Filing an Writ of Mandate to the Statutory Procedures when DNA Testing DO NOT complied too Statutory Provisions NOT Performed as Required;**

**(11) JOSEPH BIVINS was denied right to Palm Saucer testimony of having seen the killer on the night of the murder force to flea from her home when the fighting noise was heard up stairs and her house was destroyed by seen killers on the night of the murders of Jones and Precious, when Donnel Berry and Gary T Yancy inform her not to give that testimony;**

**(12) JOSEPH BIVINS was deprive right to testimony of Kimberly Sims testimony of blood found on JOSEPH BIVINS shoe was hers and could be proven by DNA blood testing;**

**(13) I Joseph Bivins was denied access to the transcript records which give credibility to state conspiracy to convict an innocent man in the case of People v Joesph Bivins, Docket No. 17096, August 9,1974.**

15. I, Joseph Bivins was denied all Procedural Due Process aspects of **California Penal Code 1405. and known evidences given support to actual innocent in not having committed any statutory law violation under the murders penal code sections provisions.**

16. On **June 25,1974**, I, Joseph Bivins was then 21 years of age. I ,JOSEPH BIVINS was picked up by the Richmond Police and held in the Contra Costa County Jail. Placing me in custody was not triggered by an affidavit given reasonable cause for an arrest warrant to be issued for my removal off of the County street on **June 25,1974.**

**17. Forty-three (43) days passed with no indictment** or charges being filed with any county or city court against me. From time to time I would be transferred from **Martinez County Jail** to other City court by the County Jail and or District Attorney **Gary T Yancey**, assigned to the case under Fraudulent alleged documents by stating; That I was

ordered to appear before another city court to answer alleged charges.

18. Only when Joseph Bivins Would arrive at the City court and be provided with a given notice that the said city court had not filed any application for his appearance.

19. This continued for a Month and a Half without Joseph Bivins ever appearing before any Judge for formal charges. Every United States citizen has the Right to Procedural Due Process, Due Process and a Right to be advised of the Charges against them as well as the Right to a Speedy trial. Every individual has the Constitutional Right to be arraigned within 72 hours or 11 days. It was as if Joseph Bivins had been kidnapped and held Incommunicado until a case could be conjured up against him.

20. The prosecutors case consisted of a Jail house snitch who gave testimony that Joseph Bivins confessed to him that I, Joseph Bivins use a gun to beat both victims and could not stop. which produced **a bloody gun and killed Precious Bowie** because she was there. According to the jail house snitch Joseph Bivins allegedly confessed the killing of Mr. Robert Jones and Ms. Precious Bowie prior to my having sex with both victims.

21. There was never any evidence of any sex between the victims and Joseph Bivins. 25 years latter, in 2000, after Joseph Bivins filed for DNA testing, the Contra Costa District Attorneys Office including **Gary T. Yancy** gave a

news paper interview to the San Francisco Chronicle to staff writer **Charlie Goodyear** stating in short that there was no Evidence of any Sexual assault, so those charges were dismissed.

22. However in 1974 & 75 the District Attorney concealed these facts from the Jury and made statements to the contrary. The prosecutor concealed the jail house snitch prior criminal records dating back to the late 1940's. Prosecutor made Two (Deals) plea bargain with his informant for his testimony.

23. The first was after the jail house snitch gave testimony to the Grand jury to indict Joseph Bivins. For his testimony to the Grand Jury the informant was Reinstatement on Parole, Released from Custody and All his **Charges Dismissed** and the prosecutor **Personally Paid** the informant **Cash Money ($75.00 dollars**), after his testimony was provided.

(24)The prosecutor then Lied to the court denying the informant was paid to testify against me, by stating to the court that he gave his informant $75.00 because the informant home had been robbed and that he needed a place to stay. (It was later discovered the informant was homeless and there was no record of any Robbery).

(25)The second Time was at my first trial. After the informants first release, The Jail House Snitch was Re-arrested on an Entirely NEW Set of Felony Charges where he

received a second deal for his testimony, he Was AGAIN Reinstated on Parole, Released from Custody and All his NEW Charges were Dismissed for his Testimony at my First trial. Which ended in a Hung Jury. However for The Second Trial the Jail House Snitch was Unavailable.

(26)The snitch had become a Fugitive with his Third set of Felony Charges, Violation of Parole, Car Theft, Burglary and Robbery. His testimony from the first trial was read into the record in front of the Jury. Joseph Bivins was Deprived of the Right of cross Examination of the states Star witness and the Right to Confront my Accuser.

(27)The only evidence that linked Joseph Bivins to the crime scene was the District Attorney Gary T. Yancey, alleging that the blood found on the bottom of Joseph Bivins shoe.

(28)The perpetrator stepped in a pool of the victims blood leaving a foot print. The blood found on Joseph Bivins shoe, I told police that the blood on Joseph Bivins shoe came from a neighbor kid who had cut her hand and I gave her first aid.

(29) The prosecutor Gary T. Yancy never tested the little girl. Instead he claimed that the blood was consistence with the Blood of the victims who were type "O''.

**(30)This was based on the fact that the Blood on Joseph Bivins shoe was so old that No A or B antigen could be found. The blood on the gun that was alleged to be used by Joseph Bivins to beat the victim Jones was never proven to actually be blood. The prosecutor Gary T. Yancy lead the jury to believe that it was blood and it belong the victims.** (Note: Jackie Butcher and friend Tommy Davis testified that they took the Gun from me before leaving me at a Party around 2:00am Joseph Bivins did not have the so-called bloody Gun when I left the party around 3:30am). To substantiate their case the prosecutor had the Judge Thomas McBride to Exclude the victims Time of Death.

(31)By Exclusion of expert witness (States Corner) Reported Time of Death testimony was essential to the prosecutor. The corners Recorded Time of Death on the **Death Certificates** stated about **1:00 am**. The prosecution claimed that Joseph Bivins could have **ONLY** Committed the crime between 3:30am & 4:00am.

(32)The District Attorney and the Polices "SCENARIO" was that I (JOSEPH BIVINS) Left the Party at **3:30am** and walked the victims home which took **9 minutes**, Mr.Bivins got into an argument with The victim Jones, then they got into a fight, during the fight Joseph Bivins pulled the gun and started beating Mr. Jones and could not stop.

(33)Joseph Bivins then tied up Jones, then Tied up Ms Bowie had sex with both victims searched the house, robbed

the both of them. Walked six to Eight blocks to Doggie Dinners, ordered food received it then walked 3.5 miles home, arriving at 4:00am, where he was greeted by family and friends. Everything transpired within **21 minutes.**

(34)District Attorney Gary T Yancey, Don Berry advised Palm Saucer not to mentioned her house was search by the killer, she seen going to Jones and bowie house location and fighting with them on the night of the murder and they waited for her return and they left DNA evidences on cigarette butt throughout her house.(**Police failed to mention that Pam Saucer lived down stairs from were the murder were committed. She was waiting for a ride, so when the Victims and the Killer pulled into the driveway.**

**(35) Pam Saucer stepped out of her apartment and saw them pull up and get out of the car and go up stairs. she went back into her apartment. When she heard the fighting up stairs she and her friend grab the baby and ran for there lives.**

**(36) When she returned home the next day. She discovered that her apartment had bee broken into and searched. It was believed that the killed knew that she had seen him.**

**(37) However the Police detective Don Berry had told her not to say anything about the brake in. I was told about the brake in around 2007).**

(38) I, Joseph Bivins believe It was suppressed because of the time line, As the **ACTUAL** time of Death was suppressed. Without the actual time of Death being admitted, Joseph Bivins could not prove that he was at a Young Lady's **(Bobby Crew)** Birthday Party witnessed by 40 or more people at the time the murders were being committed.

(39)The **Judges** reason for **NOT** allowing the Jury to know the **Actual Time of Death** was, Quote;" **I Don't Know If Its Admissible Or Not**". "**So I'm Not Going To Let It In**". Unquote. This was the extent of the evidence against Joseph Bivins.

(40) Joseph Bivins is attempting to bring attention to the little known fact that he has been denied **DNA** testing in complete disregard of the Law and as the Legislation had intended. What Joseph Bivins received was some concocted testing that had **NO** procedures or Safeguards to insure fair and accurate results. But the actual procedures and test set forth in the statue of **Penal Code Section 1405. DNA** Testing under the **Kelly - Fry** and **Pazzino** standards was **never** performed.

(41) This case law Citation is **Solely** base on an **Actual Innocents and Factual Innocents** contention by proof of DNA testing. Joseph Bivins have been incarcerated more then 34 years for two murders that he is Actually Innocent of committing.

(42)**DNA** testing performed under **Penal Code Section 1405**, as was legislatively intended would prove his innocents.

(43)In 2000 Joseph Bivins Filed a motion requesting state funded DNA testing. His motion was denied by Judge Laurie Brady Stating that; "Joseph Bivins request was Vague and Self Serving".

(44)So the request for state funded DNA testing was denied. Judge Laurie Brady is under tight scrutiny for her decisions always favoring the state according to the News Paper, The Daily Reporter.

(45)Joseph Bivins knowing the substance on the gun was not the victims blood. It held evidence of exculpatory value to his innocence.

(46)This Evidence was Crucial to establish innocence because it Disputed Heavily on the Credibility of the Jail house informants testimony, who was in fact the prosecutors chief/star witness in this case. As it would give Credibility to Jackie Butcher and Tommy Davis testimony of there possession of the so - called Bloody Gun on the night of the Murders.

(46)However in 2002 I JOSEPH BIVINS filed for DNA testing and the request was granted by Judge Joyce Cram and a Public Defender named Jeff Bradley was assigned to assist me in obtaining fair DNA testing.

(47) JOSEPH BIVINS wrote Public Defender Jeff Bradley and questioned him as to his knowledge of DNA testing Procedures. Public Defender Jeff Bradley sent JOSEPH BIVINS a letter Detailing the Procedures that he had to follow, the Motions that he had to file and the limitations of his Duties.

(48)I, Joseph Bivins, having no reason to be suspicious of the Public Defender Jeff Bradley, wrote Mr. Jeff Bradley and requested that he be sure all evidence was available and to be sure to look for the three Right shoe blood swabs, JOSEPH BIVINS body swabs and the bloody gun.

(49)The Public Defender Jeff Bradley wrote and told JOSEPH BIVINS that there was a problem with the bloody gun. It seemed that the District Attorney had removed the Gun from the evidence room claiming that he needed it for another case. However he never returned the bloody gun to evidence.

(50)The Public Defender Jeff Bradley stated that he was in the Process of locating the gun. Which he never did. JOSEPH BIVINS informed Public Defender Jeff Bradley that the Bloody Gun had Exculpatory evidence as to his innocence and witnesses Jackie Butcher and Tommy Davis who testified that they were in possession of the Gun on the night of the murders.

(51)The Public Defender Jeff Bradley for reasons are unknown for Deliberately Sabotaged JOSEPH BIVINS DNA

testing by refusing to follow any of the Mandatory procedures he insisted had to be followed. The Public Defender Jeff Bradley never Motioned the court for DNA testing. Therefore the court Never made any of its Mandatory Determinations.

(52)To understand JOSEPH BIVINS plight is to first understand **Penal Code Section 1405 DNA Testing**, one must first understand the Mandatory Procedures **14TH AMENDMENT** that are set forth in this statue to insure fair and accurate DNA test results and Due Process of the Law. To insure Due Process of the Law, a Statue Must be Followed to the Letter of the Procedures set forth within that Statue.

CONSTITUTION 14TH AMENDENT

**The United States Code Constitution 14th AMENDMENT (Pg. 235, Index 847) States Variable of Flexible Nature, Quote: VERY NATURE OF DUE PROCESS NEGATES ANY CONCEPT OF FLEXIBLE PROCEDURES UNIVERSALLY APPLICABLE TO EVERY IMAGINABLE SITUATION, UNQUOTE.**

(53)The Public Defender Jeff Bradley Failed to disclose to me or the Court that Contaminated clothing and shoes. Some how two vials of the victims blood had leaked throughout the small box of evidence.

(54)Mr. Bradley also never mentioned that the evidence had already been contaminated long before Joseph Bivins was ever indicted in 1974, or that Prosecutor Gary T. Yancey had full knowledge that the evidence he using at Joseph Bivins trial was contaminated. Gary T. Yancey Deliberately kept the information of Contamination from the

Defense before turning the Evidence over to the Defense fir testing in 1974. Gary T. Yancey full knowledge came from the Prosecutor own witness who testified as to the Contamination during the Grand jury indictment hearing. (55) Mr. Bradley Failed to Disclose to the Court or to Joseph Bivins of Cross Contaminated Body Swabs which he could visibly see with more then one swab in each vial. Mr. Bradley Failed to Disclose Joseph Bivins Body Swabs were Missing and Mixed with those of the victims. Mr. Bradley Failed to Disclose Missing / Switched and Replaced Blood Swabs. Originally there was Four Left Shoe swabs and Three Right shoe swabs. Now there are Seven Left shoe swabs. Mr. Bradley Failed to Disclose to the court that the Bloody Gun was Missing.

(56) Somehow Mr. Bradley had illegal testing conducted without filing any of the required motions for **DNA** testing, without the **Courts** Permission and without the **Court** performing its **Mandated Duties** by **Establishing** what evidence could be Legally tested or not tested.

(57) Public Defender Jeff Bradley did what could be described as an unlawful Processional Type DNA testing against his own client. Testing everything outside the motion in an attempt to locate Joseph Bivins **DNA**.

(58) In Joseph Bivins original motion I requested to be tested; **(1) The sole of** Joseph Bivins **shoes**. **(2) Joseph Bivins Body Swabs.** **(3) The three Right shoe Blood swabs.**

**(4) The Bloody Gun.** Public Defender Jeff Bradley had illegal testing conducted with three of the four items missing and the second was visible cross contaminated.

(59) When Joseph Bivins informed Judge Joyce Cram of Mr. Bradley' disloyalty and his deliberate sabotage of DNA testing and the Procedures surround the test to insure fair and accurate testing. Also Joseph Bivins acknowledge to Judge Joyce Cram that he was aware that she was unable to perform her Mandated / Mandatory duties. Judge Joyce Cram responded stating; "As Far As Actual Testing Being Conducted, Enough Of The Statue Was Followed".

(60) This Statement by Superior Court Judge Joyce Cram can only be viewed as a ploy to conceal her Blatant Disregard for **Mandatory Procedures and Duties** that Judge Joyce Cram refused to perform within the Statue **Penal Code Section 1405** to insure Fair and Accurate State funded DNA testing results in compliance with the United States Constitutional **14th Amendment**. Or could it be an attempt to camouflage that her Friend the once Deputy District Attorney Gary T. Yancy who convicted Joseph Bivins, is now the Head District Attorney ("**Soon to Retire**") who has stolen the bloody Gun from evidence to protect his credibility and the credibility of his Paid Jail house snitch by tampering with evidence (stealing the bloody Gun) hiding the leakage of the blood vials in 1974, or even

possibly causing the leakage after Joseph Bivins filed for DNA testing. What gives this concept credibility.

(61)In 1992 Attorney Cheryl Montgomery discovered there were no records of Joseph Bivins trial and conviction in Contra Costa County, The county of Joseph Bivins Jury trial, sentence and conviction. Attorney Cheryl Montgomery had found that all Joseph Bivins case numbers had been reassigned to other cases, making his case none existent. Joseph Bivins was not afforded a copy of his trial transcripts for the first 24 years of his incarceration.

(62)In 1998 District Court Judge Marilyn Hall Partial ordered trail transcripts for Joseph Bivins. It would not be to far fetched to assume that someone in the District Attorneys office removed, replaced and switched the right shoe blood swabs. Or even took Joseph Bivins and the victims Body swabs from their original individual Glass Vile and Placed them together in the Plastic tubes attempting to create a profile and evidence that did not exist in 1974.

(63)The profile that was created consisted of African Americans, Southwestern Hispanics and Caucasians.

(64)For a Superior court Judge to allowed Discriminatory abuse of **Penal Code Section 1405** by giving **Joseph Bivins** limited Procedural testing and allowing **Others** to receive the full range of Procedural **DNA** testing under **P.C. 1405** is **Outrageously Blatant Discrimination**.

(65)Could Contra Costa County be attempt to Hide the fact that they kidnapped Joseph Bivins for a **Month and a Half** and held him without being arraigned. After the 11 days of not being arraigned they Lost Jurisdiction for a trial. However a "**Mock" Trial** was held and Joseph Bivins was sent to Prison. Hundreds of things could be assumed. But the things that are for sure is that Joseph Bivins is an **Innocent man** that has been in Prison for over 34 years.

(66)DNA testing in accordance with the Law and as Legislation had intended it to be applied would free Joseph Bivins.

(67)The courts to this Date has denied access to DNA testing on none contaminate evidence by STR and MT DNA procedure, DNA testing on Cigarette Butts found in Pam Saucer Apartment, DNA Testing on gun cylinder, Testimony to the time of death of Jones and Bowie, Testimony to the DNA found on Joseph Bivins Shoe was Mrs. Sims, Testimony of eye witness the murder by Pam Saucer.

(68) Plaintiff now seek his due process right under either the state of federal constitution, to having evidences retested using DNA testing methods that were not available until after his trial in 1974 ,because in the original trial, his due process right to access exculpatory evidence,**(2)his due process right to demonstrate actual innocent,(3)his Eighth Amendment right to be free from cruel and usual punishment,(4)his right to a fair clemency**

hearing,(5)his sixth Amendment right to confrontation and compulsory process and (6) his due process and equal protection right to meaningful access to court is violated by denial of access to conclusive DNA evidences, victims actual time of death and eye witnesses testimony. Joseph Bivins is requesting release of all listed evidence.

IV. CLAIM ONE

V. CAUSE OF ACTION Plaintiff support the following claim by reference to the previous paragraphs of this complaint.

COUNT I; 32 through 37: Defendant deprived due process right, liberty interest right and deprive equal application to the statutory laws cited by the 14th Amendment, by denying access to evidences for the purpose of presentation in a claim of actual innocent supported by DNA result thereby placing Joseph Bivins at substantial risk of deprived and continues to be deprive plaintiff right under the due process of the Fourteenth Amendment to the United States Constitution

FIRST CAUSE OF ACTION

Under the United States Constitutional 14th Amendment Joseph Bivins has a established protective right to having access to evidence that exonerate him in committing the killing of Jones and Bowie by DNA., that right was denied when access to DNA conclusive testing was not committed.

Defendant: Don Berry, (Police Official/Detective)

for Contra County

(Civil Right injuries) The defendant: Don Berry acted deliberate indifferent to due process right violation by denial access to evidences or to the information provided to him in the following manner

(1) DNA evidences found in Pam Saucer Apartment belong to the killer of Jones and Bowie,

(2) Testimony given support Joseph Bivins was not the killer seen on July 24,1974, going into the apartment location at 3;30 A.M, and was not the one heard fighting with Jones and Bowie on the night of the killing incident.

(3) Pam Saucer eye witness the killer

(4) Don Berry witness tamper by advise Pam Saucer not to give testimony of the killer was in her apartment and had smoke more the three cigarette while waiting for him return because he knew she had seen her, but she escape by leaving when she heard the fighting and never return until speaking to Don Berry,(PD-Detective

(5) Don Berry Never order for DNA testing to be conducted on cigarette butts.

Injuries: denial of 14th Amendment right to a fundamental fair trial in testimony for jury consideration, denial of DNA testing, and denial of access to known evidences proven actual innocent in the killing Jones and Bowie on July 24,1974

Civil right Complaint: Defendant; Don Berry, Contra Costa Police Official knowingly and intentional deprive right to having access to DNA evidences in the year of 1974, located in Pam Saucer apartment location was evidences of the killer smoking cigarette after killing Jones and Bowie,in Pam Saucer Apartment, thereby forcing plaintiff to suffer his established right asserted under the 14th Amendment in the denial of testimony and a fundamental fair trial by having the jury to conduct an examination of the testimony and evidences known to be true in which reflect the killer spent a lot more time at the

location than 20 minute, making it impossible for the murder to having been committed by Joseph Bivins.

Plaintiff Joseph Bivins,(state prisoner for 34 years at Folsom state Prison is known to be actually and factually innocent of killing Jones and Bowie solely base on known evidence given testimony heard by Don Berry that a killer was someone else other then Joseph Bivins,in which left DNA on Cigarette Butt but never DNA tested or given testimony to in the court of law.

CLAIM TWO

COUNT II, CAUSE OF ACTION Plaintiff support the following claim by reference to the previous paragraphs of this complaint.

COUNT II: 67 through 68

Under the United States Constitutional 14th Amendment Joseph Bivins has a established protective right to having access to evidence that exonerate him in committing the killing of Jones and Bowie by DNA., that right was denied when access to DNA conclusive testing was not committed.

SECOND CAUSE OF ACTION

Civil right Complaint: Defendant; P.Holes and Dorthy, Northy examiners for Contra Costa Police Official, knowingly and intentional deprive right to having access to

none contaminate DNA evidences in the year of 1974, located in Pam Saucer apartment,Jones and Bowie location by acting deliberate indifferently to the proper handling of Blood evidence, swabs, clothing and Joseph Bivins shoe by not properly storing these said items. from other Jones and Bowie blood type samples, thereby forcing plaintiff to suffer denial of his established right asserted under the 14th Amendment to an fundamental fair trial by denying a jury to conduct an examination on testimony or consider evidences known to be true in which reflect the killer DNA was not that of Joseph Bivins, making it impossible for the murder to having been committed by Joseph Bivins.

Plaintiff Joseph Bivins, has been in the state prison for 34 years at Folsom State Prison solely base on denial access to evidence given support to actually and factually innocent in killing Jones and Bowie solely base on known evidence by DNA testimony expressing Joseph Bivins was insufficient proven to be the DNA killer and no evidence point to a DNA Conclusion). Therefore conviction is base on denial of established 14th Amendment to a fair trial denial.

Defendant: P.Hole and Dorthy Northy,(Police Official/Evidence Examiners)for Contra County in California

(CIVIL RIGHT INJURIES) The defendant: P. Holes and Dorthy Northy acted deliberate indifferent by denying access to known evidences conceal in a box was cross-contaminate when not properly package by defendants

Defendant P.Holes and Dorthy Northy, deliberate indifferent acts committed the following

(1)failure to give testimony to the contaminate evidences found in the box mark Joseph Bivins on July 24,1974,

(2) failed to give testimony to blood flakes found on all shoes found in the box mark Joseph Bivins,
(3)Fail to give testimony of mishandle swabs by mixing Joseph Bivins DNA swabs with Jones and Bowie lab swabs

(4) Knowingly and intentionally conceal evidence cross contaminated committed by examinations by the names of P.Holes and Dorthy Northy since July 24,1974.

The defendants deprived due process right,equal treatment under the law, and deprive liberty interest right to constitutional right under the 14th Amendment to an fundamental fair trial was denied by the deliberate indifferent act to a fair trial, no fair trial could be obtain when known contaminate evidence was achieved by act of mishandling and concealment of mishandling.

Defendant acted in violation of due process liberty interest and equal protection clause to Joseph Bivins 14th Amendment right by denying access to evidence for the purpose of presentation in a claim of actual innocent by DNA resulting denial of substantial risk of deprived and continues to deprive plaintiff of his established right

under the due process to a fair trial cited by Fourteenth Amendment to the United states

CLAIM THREE

COUNT III CAUSE OF ACTION Plaintiff support the following claim by reference to the previous paragraphs of this complaint.

COUNT III: 20 through 34.

Under the United States Constitutional 14th Amendment Joseph Bivins has a established protective right to having access to evidence that exonerate him in committing the killing of Jones and Bowie by DNA., that right was denied when access to DNA conclusive testing was not committed.

The due process right, liberty interest and equal protection denial of the 14th Amendment right in having access to evidence for the purpose of presentation in a claim of actual innocent by DNA result to the substantial risk of deprived and continues to deprive plaintiff of his right under the due process of the fourteenth Amendment to the United states Constitution was created by defendant

Defendant Gary Yancy violated due process rights in the denial of a fundamental fair trial asserted under the 14th Amendment right to the United states Constitutional right by the following acts;

(1) Gary T. Yancy remove evidence from the property room of the Contra Costa Police Department knowing that the gun had blood DNA remaining on the cylinder, by preventing testing

for DNA on the gun after the gun was remove from the property room with no thoughts of returning the evidence back to the Contra Costa police evidence property room.

(2) Gary T. Yancy knowingly and intentional withheld William Thompson DNA contamination error and known records that all evidences contained in property box with Joseph Bivins name was contaminate prior to the evidence being use in a 1974 jury trial and given testimony that the evidence was not sufficient to give DNA proof that Joseph Bivins was in Jones and Bowie apartment prior to death on July 24,1974 at 3;30 A,M.

(3) Gary T Yancy knowing and intentionally with bad faith and malicious intent knowing and intentionally withheld from the second jury trial he payment to jail house snitch compensation for given testimony was early parole, get of out jail free, payment of 75 dollars, prior to providing testimony that Joseph Bivins confessed to him that he killed Jones and Bowie by beating them with the hand gun and blood evidence could be found on the gun as proof in 1974.

(4) Gary Yancy knowingly and intentional deprive due process right to an fundamental fair trial by withholding evidence Pam Saucer eye witness the killer on July 24,1974, and Mrs Sims blood was the evidence found on his shoe. Under the United States Constitutional right of the 14th Amendment right to an fundamental fair trial is an guarantee right ,this right was denied by the said acts listed above

(5) Gary Yancey knowingly and intentional deprive Joseph Bivins due process right to an fundamental fair trial by Fraudulent Conveyance by telling the Court on August 9, 1974 that Joseph Bivins was being held on other charges when no other charges existed.

CLAIM FOUR; CAUSE OF ACTION Plaintiff support the following claim by reference to the previous paragraphs 17 through 19 of this complaint.

COUNT IV,

Under the United States Constitutional 14th Amendment Joseph Bivins has a established protective right to having access to evidence that exonerate him in committing the killing of Jones and Bowie by DNA or testimony., that right was denied when access to DNA conclusive testing or testimony known was not submitted to the court of law or tested for truth telling before a jury.

Due process, equal protection and liberty interest cited by the 14th Amendment right was deprive in not having access to evidence for the purpose of presentation in a claim of actual innocent by DNA result to the substantial risk of deprived and continues to deprive plaintiff of his right under the due process of the fourteenth Amendment to the United states Constitution

Defendant Martinez County Jail acts deprive 4th and 14th Amendment right to the United states Constitutional in Joseph Bivins being free from illegal incarceration following act;

(1)Martinez County Jail, representative of defendants sent plaintiff from county to county for 43 days without conduct a preliminary hearing, conduct no trial procedure, or given him notice of indictment pending charges holding him in custody. The County Jail held Joseph Bivins in custody beyond legal jurisdiction and failed to give access to evidences of reasons.

(2) Martinez County Jail knowingly and intentionally deny access to why plaintiff was being held under security of the Contra Costa County Jail under the authorization of Gary T Yancy and William O'Malley without bail .

Under the United states Constitutional 4th and 14th Amendment plaintiff has an established right to not be

deprived of notice of detainment, that right was violated under fraudulent conveyance of DNA point to guilt, defendant knew or should have known denial access to evidence constituted an illegal detainment, Defendant acted deliberately indifferently to due process right violation by denying access to known evidences when holding Joseph Bivins in county jail custody until a conviction against Joseph Bivins could be established..

This evidence information was withheld from the jury consideration and thereby denying the jury from the evidences consideration

CLAIM FIVE

COUNT V ;CAUSE OF ACTION Plaintiff support the following claim by reference to the previous paragraphs of this complaint.

COUNT V;47 through 58.

Under the United States Constitutional 14th Amendment Joseph Bivins has a established protective right to having access to evidence that exonerate him in committing the killing of Jones and Bowie by DNA or testimony., that right was denied when access to DNA conclusive testing or testimony known was not submitted to the court of law or tested for truth telling before a jury.

VI. Due process, equal protection and liberty interest cited by the 14th Amendment right was deprive in not having access to evidence for the purpose of presentation in a claim of actual innocent by DNA result to the substantial risk of deprived and continues to deprive plaintiff of his right under the due process of the fourteenth Amendment to the United states Constitution

Defendant Jeff Bradley(Public Defender) acts deprive and 14th Amendment right to the United states Constitutional in Joseph Bivins being free from illegal incarceration following act;

(1)Failed to provide notice to what DNA testing was being conduct

(2)Failed to filed a 1405 statutory require motion listing evidence that could not be tested because of cross contamination committed by P.Holes and Dorthy Northy.

(3)failed to provide notice of discovery of time of death of Jones and Bowie.

(4) failed to provide access to testimony, Pam Saucer witness the killer going to the home of Jones and Bowie and being in her home, leaving DNA on cigarette butts

(5) Failed to provide access to Gun in possession of District Attorney Gary T. Yancey

(6)Failed to proved access to snitch testimony, testimony monetory benefits

Under the United states Constitutional 4th and 14th Amendment plaintiff has an established right to not be deprived of notice of detainment, that right was violated under fraudulent conveyance of DNA point to guilt, defendant knew or should have known denial access to

evidence constituted an illegal detainment, Defendant acted deliberately indifferently by holding Joseph Bivins until a conviction against Joseph Bivins could be established..

This evidence information was withheld from the jury consideration and thereby denying the jury from the evidences consideration

CLAIM SIX

VII. COUNT III CAUSE OF ACTION Plaintiff support the following claim by reference to the previous paragraphs of this complaint.

COUNT VI. 59 THROUGH 61

Under the United States Constitutional 14th Amendment Joseph Bivins has a established protective right to having access to evidence that exonerate him in committing the killing of Jones and Bowie by DNA or testimony., that right was denied when access to DNA conclusive testing or testimony known was not submitted to the court of law or tested for truth telling before a jury.

Due process, equal protection and liberty interest cited by the 14th Amendment right was deprive in not having

access to evidence for the purpose of presentation in a claim of actual innocent by DNA result to the substantial risk of deprived and continues to deprive plaintiff of his right under the due process of the fourteenth Amendment to the United states Constitution

Defendant Judge Cram, acts deprive right to having access to evidence asserted under the 14th Amendment to the United states Constitutional in Joseph Bivins being free from illegal incarceration following acts;

(1) Judge Cram failed to conduct an examination to what evidences would be DNA Tested

(2).Failed to discover what evidence was contaminated

(3) Fail to discover what material could be considered without the missing information.

(4) Judge Cram failed to established the time of death

(5) Judge Cram failed to order access to evidence of Pam Saucer testimony/

(6) Judge Cram failed to order DNA testing to Cigarette Butt found in Mrs. Saucer

(7) Judge Cram denied access to DNA testimony on Mrs. Sims for the proven the DNA found of Joseph Bivins shoe was committed in 1974

(8) Judge Cram failed to discover an explanation why the identity of the perpetrator was or should have been a significant issue in this case

(9) Judge Cram failed to have attorney's explain in light of known cross contaminate evidence how the requested DNA testing would be raise a reasonable probability that the convicted person verdict or sentence would be more favorable if access to all evidence or the result of DNA testing had been available at the time of conviction

(10) Judge Cram failed to make a reason attempt to identify cross contaminate evidence occurring in Joseph Bivins evidence box pre-date 1974.,

(11) Judge Cram failed to make evidence access to identify both the evidence that should be tested and the specific type of DNA testing sought

(12) Judge Cram failed to discover the results of any DNA or other biological testing that was conducted previously by either the prosecution of defense,

(13) Judge Cram failed to provide Notice what was tested protecting right to appeal on abuse of discretion conduct, or plain error conduct.

The court may grant access to evidence when all evidence has been made available, in this case no evidence is available when all evidence was deem cross contaminated by blood flakes, or suppress by defendants P.Holes and Dorthy Northy conduct.

(14) Judge Cram deprive Joseph Bivin to testimony of Pam Saucer, Kimberly Sims and Corner time of death of Jones and Bowie.

(15) Judge Joyce Cram failed to discover how appointed Public Defender Jeff Bradley obtained state funded DNA testing without filing any of the required Mandatory Motions.

(16) Judge Joyce Cram failed to discover to discover what evidence was available and in the condition that would allow DNA testing.

(17) Judge Joyce Cram failed to discover what evidence was missing, Replaced, Substituted or Altered in any Material aspect.

Under the United states Constitutional 4th and 14th Amendment plaintiff has an established right to not be deprived of notice of detainment, that right was violated under fraudulent conveyance of DNA point to guilt, defendant knew or should have known denial access to evidence constituted an illegal detainment, Defendant acted

deliberately indifferently by holding Joseph Bivins until a conviction against Joseph Bivins could be established..

    This evidence information was withheld from the jury consideration and thereby denying the jury from the evidences consideration.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this Court:

1. Declare that the acts and omissions described herein violated plaintiff's rights under the United States Constitutional 14th Amendment by denial of an fundamental right to a fair trial by DNA Testing, and revealing known testimony that establishes Joseph Bivins Actual and Factual Innocence.
2. Enter judgment in favor of plaintiff for Evidentiary hearing on DNA evidence and known witness testimony, Order such additional relief as this Court may deem just and proper.

Respectfully submitted this 11 day of May, 2008.

**VERIFICATION**

Pursuant to 28 USC §1746, I declare and verify under penalty of perjury under the law of the United States of America that the forgoing is true and correct. Executed on 5/11/08,

5/11/2008.

BY: Joseph Bivins

# PROOF OF SERVICE BY MAIL

I JOSEPH BIVINS , DECLARE:
**I AM OVER THE AGE OF 18, AM A PARTY TO THIS ACTION, AND A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OS SACRAMENTO, STATE OF CALIFORNIA.**

**MY PRISON NUMBER:** B-63111 **MY PRISON ADDRESS IS: PO BOX 950, FOLSOM, CALIFORNIA 95763.**
**ON** 5/11/08 **, 2008 I SERVED A COPY OF THE FOLLOWING DOCUMENT: NOTICE OF APPEAL ON 4th, 6th AND 14th CONSTITUTIONAL AND STATUTORY DENIAL OF ESTABLISHED PORTECTIVE RIGHTS TO DNA TESTING PROCEDURES OF FUNDAMENTAL RIGHT TO A FAIR TRIAL. ( EXHIBIT # A )**

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT
450 GOLDEN GATE AVE
SAN FRANCISCO CALIF
94119- 3939

JERRY BROWN
OFFICE OF THE ATTORNEY
455 GOLDEN GATE AVE
San Francisco Calif. 94102

THERE IS A DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE OS ADDRESSED

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON 5/11/08 ,2008, AT REPRESA, CALIFORNIA.

Joseph Bivins
<signature here>